```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                           :
KISMET PRODUCTS,                           :    CASE NO. 1:07-mc-66
                                           :
             Plaintiff,                    :
                                           :
vs.                                        :    OPINION & ORDER
                                           :    [Resolving Doc. No. 1]
HCC BENEFITS CORP., et al.                 :
                                           :
             Defendant.                    :
                                           :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 1, 2007, Bankruptcy Judge Pat E. Morgenstern-Clarren filed proposed findings of fact and conclusions of law in a non-core proceeding between Kismet Products and HCC.  [Doc. 1].  Chapter 11 debtor Kismet Products asked for a declaratory judgment that defendants HCC Life Insurance Corporation (HCCL) and HCC Benefits Corporation (HCCB) (collectively, HCC) are required to defend, indemnify, and reimburse Kismet regarding employee medical benefit claims filed in Kismet's bankruptcy case.  This Court entered an order specifying that any party with objections to the proposed findings of fact and conclusions of law must filed their objections by November 13, 2007.  Neither party filed any objections.  This Court **ADOPTS** Bankruptcy Judge Morgenstern-Clarren's proposed findings of fact and conclusions of law.

As HCC did not consent to an entry of final judgment in the case, the Bankruptcy Judge entered the proposed findings of fact and conclusions of law pursuant to 28 U.S.C. § 157(c)(1).  That provision states:

Case No. 1:07-mc-66
Gwin, J.

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

Absent objection, the Court will adopt the Bankruptcy Judge's report. Moreover, having conducted its own review of the parties' briefs on the issue, this Court agrees with the conclusions of the Bankruptcy Judge.

Bankruptcy Judge Morgenstern-Clarren found that Kismet was required to pay its premiums as a condition precedent to HCC's duties under the policies, and there was no genuine issue of material fact that Kismet had not done so. The Bankruptcy Judge further found Kismet's insolvency did not excuse the condition precedent. As such, the Bankruptcy Judge recommends this Court enter summary judgment in favor of HCC.

Kismet also sought reimbursement of the policy premiums paid, arguing that the policy automatically terminated before September 30, 2004 because it did not pay the premiums on time as required by the policy. Bankruptcy Judge Morgenstern-Clarren faulted this argument for two reasons: one procedural and one substantive. The Bankruptcy Judge noted that Kismet failed to raise this alternative argument in its complaint, and this theory was also not within the substance of the allegations in the complaint, leaving HCC with no notice of the argument. Further, the only legal theory Kismet cited was that it would be unconscionable for HCC to retain the premiums, stating that such an outcome would be "highly unjust and inequitable." The Bankruptcy Judge found this argument conclusory and found no legal authority for Kismet's argument.

Case No. 1:07-mc-66
Gwin, J.

The Court, having reviewed the Bankruptcy Judge's findings and in the absence of any objection from the parties, adopts in whole Bankruptcy Judge Morgenstern-Clarren's findings of fact and conclusions of law and incorporates them fully herein by reference. The Court thus **DENIES** plaintiff Kismet's motion for summary judgment; and **GRANTS** defendant HCC's motion and enter summary judgment for HCC on count three of the complaint.

IT IS SO ORDERED.


Dated: November 20, 2007                            s/         *James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE